# STATE OF LOUISIANA
## COURT, OF APPEAL, THIRD CIRCUIT

## 04-1130

STATE OF LOUISIANA

VERSUS

PETER CELESTINE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT
PARISH OF IBERIA, NO. 95-839
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

### OSWALD A. DECUIR
### JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**DISMISSED.**

**Walter J. Senette, Jr.**
**Assistant District Attorney**
**St. Mary Parish Courthouse**
**Fifth Floor**
**Franklin, La 70538**
**(337) 828-4100, Ext. 550**
**Counsel for Appellee:**
**State of Louisiana**

**G. Paul Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette LA 70598**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**Peter Celestine**

**Peter Celestine**
**Allen Cor. Center**
**3751 Lauderdale Woodyard**
**Kinder, LA 70648**

**DECUIR, Judge.**

The Defendant, Peter Celestine, was convicted of simple burglary and sentenced to twelve years at hard labor. The State subsequently filed a habitual offender bill under a different docket number and the Defendant was adjudicated a third-felony offender. On October 26, 1995, the court vacated the Defendant's original twelve year sentence and ordered the Defendant to serve seventeen years at hard labor. The Defendant's conviction and sentence were affirmed on appeal.[1] In May of 2004, the Defendant submitted an application for post-conviction relief to the trial court seeking an out-of-time appeal of his multiple offender hearing. By *ex parte* order dated May 25, 2004, the judge granted the Defendant an out-of-time appeal of his multiple offender sentencing hearing held September 13, 1995. The Defendant is before this court seeking review of his adjudication as a third-felony offender.

## FACTS

The Defendant was convicted of simple burglary of an automobile. He was subsequently adjudicated a third-felony habitual offender.

## UNTIMELINESS OF REQUEST FOR OUT-OF-TIME APPEAL

Louisiana Code of Criminal Procedure Article 930.8 provides that applications for post conviction relief, including requests for out of time appeal, must be filed within two years from the date the defendant's conviction and sentence become final, unless certain specific exceptions apply. This time bar is jurisdictional and "[t]he trial court has no authority to extend those time limits beyond the delays provided by the legislature." *State v. Daigle*, 593 So.2d 676 (La.App. 3 Cir. 1991).

The supreme court has held that an appellate court can raise this time bar on its own motion. *State ex rel. Glover*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

---

[1] *See State v. Celestine*, an unpublished appeal bearing docket number 95-1460 (La.App. 3 Cir. 12/26/96), *writ denied*, 97-1787 (La. 1/30/98), 709 So.2d 697.

The Defendant's application for post-conviction relief seeking an out-of-time appeal was untimely and the Defendant did not allege and prove any of the exceptions contained in La.Code Crim.P. art. 930.8 applied. Thus, pursuant to La.Code Crim.P. art. 930.8, the trial court was without authority to entertain the Defendant's application. Hence, we find that the out-of-time appeal was improperly granted and Defendant's appeal is not properly before us. For this reason, Defendant's appeal is dismissed.

## CONCLUSION

The Defendant's appeal is dismissed.

**DISMISSED.**